Garrett J. Olexa (#016685)
golexa@jsslaw.com
JENNINGS, STROUSS & SALMON, P.L.C.
A Professional Limited Liability Company
One East Washington Street
Suite 1900
Phoenix, Arizona 85004-2554
Telephone: (602) 262-5911
MinuteEntries@jsslaw.com
*Attorneys for Plaintiff Salt River Project*
*Agricultural Improvement and Power District*

Edward J. Hermes (#030529)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
Telephone:  602.382.6000
Facsimile:  602.382.6070
E-Mail: ehermes@swlaw.com
*Attorney for Plaintiff Navopache*
*Electric Cooperative*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Salt River Project Agricultural Improvement and Power District, an Agricultural Improvement District organized and existing under the laws of the State of Arizona; Navopache Electric Cooperative, Inc., an Arizona corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>Sand International, LLC, a Turks and Caicos Island company,<br><br>Defendant. | No.<br><br>**COMPLAINT**<br><br>**(Quiet Title; A.R.S. § 33-420)** |

      Plaintiffs Salt River Project Agricultural Improvement and Power District ("SRP") and

Navopache Electric Cooperative, Inc. ("Navopache Electric") (together, the "Plaintiffs"), by

and through undersigned counsel, hereby allege as follows:

## PARTIES, JURISDICTION, AND VENUE

      1.      SRP is an agricultural improvement district organized and existing under the

laws of the State of Arizona.  Pursuant to A.R.S. §§ 48-2301 through 48-2475, SRP has legal

authority to, *inter alia*, generate, transmit and distribute electrical power and energy and establish, construct, operate, and maintain electrical lines, and equipment, and related facilities necessary to their operation.

2.     Navopache Electric is a domestic electric cooperative nonprofit membership corporation registered in the State of Arizona.

3.     Defendant Sand International, LLC ("Defendant Sand") is a foreign limited liability company reportedly incorporated in Turks and Caicos Islands of the British West Indies that does not have a principal place of business in Arizona.

4.     This Court has original jurisdiction of this case pursuant to 28 U.S.C. §1332 because the value of each of the subject parcels exceed $75,000 exclusive of interest and costs, and because each plaintiff is a citizen from a different state than each defendant.

5.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because the property that is the subject of this action is in Arizona.

## GENERAL ALLEGATIONS

### The Properties

6.     The real property that is at issue in this action is located in Apache County, Arizona.

7.     There are two properties at issue: the "SRP Property" and the "Navopache Electric Property."

8.     SRP acquired title to the SRP Property in 1974.  [**Exhibit A** - Warranty Deed numbered 80000598-1].  The SRP Property bears the APN 204-16-003 and is also identified by the following legal description:

> SECTION 33 AND THE WEST HALF OF SECTION 34, TOWNSHIP 14 NORTH, RANGE 29 EAST OF THE GILA AND SALT RIVER BASE AND MERIDIAN, APACHE COUNTY ARIZONA; EXCEPT ALL OIL, GAS, COAL AND MINERALS WHATSOEVER, ALREADY FOUND OR WHICH MAY HEREAFTER BE FOUND, UPON OR UNDER SAID LANDS IN SECTION 33, AS RESERVED BY SANTA FE PACIFIC RAILROAD COMPANY IN DEED RECORDED IN BOOK 31 OF DEEDS, PAGE 165 AND CORRECTIVE DEED IN DOCKET 443, PAGE 533 AND SAID LANDS IN SECTION 34 AS RESERVED BY SANTA FE PACIFIC RAILROAD COMPANY IN DEED RECORDED IN BOOK 29 OF DEEDS, PAGE 166; AND EXCEPT ALL MINERAL

7961015v1(12000.1276)

RIGHTS AS SET FORTH IN DEED RECORDED IN DOCKET 45, PAGE 39.

9.      The Navopache Electric Property consists of 13 parcels defined by the legal description attached as **Exhibit B**.

10.     Navopache Electric acquired title to the Navopache Electric Property by purchasing each parcel from the prior owner between 1952 and 2020 by purchasing the parcel from the prior owner or through land swaps with the prior parcel owner.

11.     SRP remains in possession and control of the SRP Property.

12.     Navopache Electric remains in possession and control of the Navopache Electric Property.

<u>Relevant Title History and Monetary Claims</u>
<u>Asserted by Defendant Sand in its Affidavit of Lien</u>

13.     The subject properties were originally granted by an Act of Congress, via a Land Patent approved July 27, 1866 (14 Stat. 292) to the Atlantic and Pacific Railroad Company. [**Exhibit C** - Land Patent No. 54 (formerly Patent No. 576970)]

14.     The Santa Fe Pacific Railroad Company purchased the subject land and rights from the Atlantic and Pacific Railroad in a foreclosure sale, and by compliance with the provisions of the Act of Congress approved March 3, 1897 (29 Stat. 622) became the lawful successor in interest of the Atlantic and Pacific Railroad Company. [Exhibit C, page 2]

15.     In 1947 and 1950 the Santa Fe Pacific Railroad Company conveyed certain real property in Apache County to H.J. Platt (Deed File Nos. 41361 and 42268 respectively).

16.     SRP acquired the title to the SRP Property in 1974 from the Platt family through a Warranty Deed numbered 80000598-1.  [Exhibit A]

17.     In its conveyances to H.J. Platt and elsewhere, Santa Fe Pacific Railroad expressly reserved and excepted all oil, gas, coal and minerals whatsoever, already found or which thereafter may be found upon or under said lands with the right to prospect for, mine and remove the same.

7961015v1(12000.1276)

18.     In 1982, Santa Fe Pacific Railroad Company reaffirmed its possessory right of the oil, gas, coal, and other minerals in a Declaration of Covenant and Restriction in which Santa Fe Pacific Railroad covenanted that the Property shall not be mined, explored, drilled or otherwise used or exploited by any person owning any interest in the Property under the reservation in favor of Santa Fe Pacific.

19.     The Declaration of Covenant and Restriction was refiled by the Santa Fe Pacific Railroad Company in 1992 to update and correct one of the property descriptions. [Document 683-475].

20.     On March 12, 2021, Defendant Sand filed an Affidavit of Lien against the Plaintiffs in connection with the Land Patent No. 54.  The Affidavit of Lien was recorded in the real property records of Apache County, Arizona, Doc. No. 2021-002485. [**Exhibit D** – Affidavit of Lien]

21.     The Affidavit of Lien was filed by Jane Stilwell (Ervin), representing Defendant Sand.

22.     The Affidavit of Lien claims that Defendant Sand owns Land Patent No. 54, which was allegedly "brought forward in 1902 as 576970 covering 477,563-Plus acres." [Exhibit D]

23.     The Affidavit of Lien further alleges the subject rights allegedly owned by Defendant Sand were previously held by Ora International ("Ora") between 2002 and 2006.

24.     The Affidavit of Lien offers no explanation as to how Ora International allegedly acquired the land rights from Santa Fe Pacific Railroad Company referenced in the Affidavit of Lien.

25.     Based on filings with the Apache County Recorder's Office, in 2007 Bill Ervin, purportedly acting as Secretary of Ora, filed a Recordation to "record and update" the Land Patent in Allodial Title in the name of Ora but asserted no authority to do so. [Documents No. 2007-005039, filed with the Apache County Recorder].

26.     Upon information and belief, Bill Ervin, who was allegedly the Secretary of

4

Ora, is or was the husband of Defendant Sand's representative Jane Stilwell

27.     The Affidavit of Lien claims that Defendant Sand is making a claim adverse to the Plaintiffs and specifically adverse to the SRP Property and the Navopache Electric Property.

28.     The Affidavit of Lien claims that Defendant Sand is seeking funds for trespass, and use of water, oil, gas and all other mined minerals such as coal and rare earth in the amount of $80,000,000, in addition to 15% of gross annual revenue each year, beginning June 30, 2021.

29.     Upon information and belief, there is no reference or mention in Patent 54, or in any other recorded document in Apache County, that the rights purchased and owned by Santa Fe Pacific Railroad Company were ever validly transferred to Ora or Defendant Sand, or to anyone affiliated with Defendant Sand.

**COUNT 1**
**(SRP – Quiet Title)**

30.     SRP incorporates and re-alleges the allegations of the preceding paragraphs of this Complaint.

31.     SRP has property rights and interests in the SRP Property.

32.     The Affidavit of Lien recorded by the Defendant Sand is not a valid lien under Arizona law.

33.     The Affidavit of Lien, to the extent it could be considered a lien at all, was recorded by the Defendant Sand in violation of A.R.S. § 33-421.

34.     There is no valid factual basis for the Affidavit of Lien recorded by the Defendant Sand being a proper lien against the SRP Property.

35.     SRP is entitled to an order confirming that SRP has unencumbered title to the SRP Property and that Defendant Sand's alleged lien is invalid and unenforceable.

36.     More than twenty (20) days prior to bringing this quiet title action, SRP requested the Defendant Sand execute a quit claim deed and tendered five dollars ($5.00) for execution and delivery of the deed in accordance with A.R.S. § 12-1103 but Defendant

7961015v1(12000.1276)

Sand refused or neglected to reply.

37.    Pursuant to A.R.S. §§ 12-1101 through 12-1104, SRP is entitled to an order quieting title to the SRP Property to any claim of estate, right, title, lien, or interest that is adverse to or inconsistent with SRP's rights and scope as determined in this action.

WHEREFORE, SRP respectfully request that the Court enter judgment in favor of SRP and against Defendant Sand in this action, as follows:

A.    Title is quieted in SRP's favor with regard to rights it acquired by related to the SRP Property, which rights include those defined herein.

B.    For judgment finding that: (1) SRP has the proper title to and the right to possess, control, traverse and use the SRP Property; (2) Defendant Sand shall be barred and forever estopped from having or claiming any right, lien, estate, title, or interest in the SRP Property adverse to SRP's rights in the SRP Property and Defendants shall record a lien release related to the previously recorded Affidavit of Lien; (3) SRP's rights in the SRP Property include and are applicable to the areas depicted in the SRP Property, including areas in, within, on, over, across, through, along, above, adjacent to the SRP Property; (4) SRP's rights to the SRP Property include any all rights to the materials upon or below the SRP Property that have not previously been expressly reserved in recorded documents by and for the Santa Fe Pacific Railroad Company (which Railroad Company has expressly reserved rights to oil, gas, coal and any minerals whatsoever, already found or which later are found, upon or under said parcel); (5) SRP is entitled to the quiet and peaceful possession and use of the SRP Property and without interference or obstruction from the Defendant Sand; (6) the rights belonging to SRP as proper title holder of the SRP Property shall run with the land and thus shall remain in place even if SRP sells the SRP Property, and (7) Defendant Sand's alleged damages against SRP arising out of the alleged Affidavit of Lien are without merit and Defendant Sand shall be entitled to

7961015v1(12000.1276)

and shall take nothing from SRP arising out of such claim.

C.   For post-judgment interest at the legal rate;

D.   For SRP's reasonable attorneys' fees and incurred costs as may be recovered by law in accordance with § 12-1103 in an amount of not less than $15,000; and

E.   For such other and further relief as the Court deems just and proper.

### Count Two
### (SRP – Violation of A.R.S. § 33-420)

38.   SRP incorporates and re-alleges the allegations of the preceding paragraphs of this Complaint.

39.   A.R.S. § 33-420(a) provides, in part, "[a] person purporting to claim an interest in, or a lien or encumbrance against, real property, who causes a document asserting such claim to be recorded in the office of the county recorder, knowing or having reason to know that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid is liable to the owner or beneficial title holder of the real property for the sum of not less than five thousand dollars, or for treble the actual damages caused by the recording, whichever is greater, and reasonable attorney fees and costs of the action."

40.   A.R.S. § 33-420(b) provides, in part, that an owner of real property may bring an action to clear title where a lien is groundless, contains a material misstatement or false claim, or is otherwise invalid, and that a property owner may combine such an action with an action for damages.

41.   A.R.S. § 33-420(c) provides, in part, "a person who is named in a document which purports to create an interest in, or a lien or encumbrance against, real property and who knows that the document is . . . groundless . . . or is otherwise invalid shall be liable to the owner or title holder for the sum of not less than one thousand dollars, or for treble actual damages, whichever is greater, and reasonable attorney fees and costs as provided in this section, if he willfully refuses to release or correct such document of record within

7

twenty days from the date of a written request from the owner or beneficial title holder of the real property."

42.     The Affidavit of Lien recorded by the Defendant Sand purports to create a lien against the SRP Property.

43.     The Affidavit of Lien recorded by Defendant Sand is invalid and groundless and violates A.R.S. § 33-421.

44.     SRP is the owner of the SRP Property and entitled to immediate clear title.

45.     The Defendant Sand, acting by and through its authorized representative(s), knew that the Affidavit of Lien document recorded against the SRP Property is groundless or otherwise invalid, and he/she/it/they knew it was groundless and invalid as of the time the Affidavit of Lien was recorded.

46.     The Affidavit of Lien recorded by the Defendant Sand violates A.R.S. § 33-420(a), (b) and (c).

47.     SRP, as rightful owner of the SRP Property, has been damaged as a result of Defendant Sand's violation of A.R.S. § 33-420(a), (b) and (c).

48.     Defendant Sand is liable to SRP for the sum of not less than one thousand dollars, or for treble actual damages, whichever is greater.

49.     Defendant Sand is liable to SRP for SRP's reasonable attorneys' fees and costs as provided in A.R.S. § 33-420(a) and (b).

50.     Defendant Sand is also liable to SRP for SRP's reasonable attorney fees and costs as provided in A.R.S. § 33-420(c) because Defendant Sand willfully refused to release or correct such document of record within twenty days from the date of a written request from SRP.

WHEREFORE, SRP respectfully requests that the Court enter judgment in favor of SRP, and against Defendant Sand, for Defendant Sand's violation of A.R.S. § 33-420(a), (b) and (c) as follows:

A.     For any and all actual damages to be determined at trial;

7961015v1(12000.1276)

B.   For a declaration in accordance with pursuant to A.R.S. § 33-420(b) that SRP is the sole owner of the SRP Property;

C.   For the sum of not less than one thousand dollars, or for treble actual damages, whichever is greater pursuant to A.R.S. § 33-420(a) and (c);

C.   For an award of SRP's attorneys' fees and taxable costs pursuant to A.R.S. § 33-420 (a), (b) and (c) in an amount of not less than $15,000;

D.   For post-judgment interest at the legal rate; and

E.   Directing Defendants be ordered to record a lien release related to the previously recorded Affidavit of Lien;

F.   For such other and further relief as the Court deems just and proper.

## COUNT 3

### (Navopache Electric– Quiet Title)

51.   Navopache Electric incorporates and re-alleges the allegations of the preceding paragraphs of this Complaint.

52.   Navopache Electric has property rights and interests in the Navopache Electric Property.

53.   The Affidavit of Lien recorded by the Defendant Sand is not a valid lien under Arizona law.

54.   The Affidavit of Lien, to the extent it could be considered a lien at all, was recorded by the Defendant Sand in violation of A.R.S. § 33-421.

55.   There is no valid factual basis for the Affidavit of Lien recorded by the Defendant Sand being a proper lien against the Navopache Electric Property.

56.   Navopache Electric is entitled to an order confirming that Navopache Electric has unencumbered title to the Navopache Electric Property and that Defendant Sand's alleged lien is invalid and unenforceable.

57.   More than twenty (20) days prior to bringing this quiet title action, Navopache Electric requested the Defendant Sand execute a quit claim deed and tendered five dollars ($5.00) for execution and delivery of the deed in accordance with A.R.S. § 12-

7961015v1(12000.1276)

1103 but Defendant Sand refused or neglected to reply.

58.     Pursuant to A.R.S. §§ 12-1101 through 12-1104, Navopache Electric is entitled to an order quieting title to the Navopache Electric Property to any claim of estate, right, title, lien, or interest that is adverse to or inconsistent with Navopache Electric's rights and scope as determined in this action.

WHEREFORE, Navopache Electric respectfully request that the Court enter judgment in favor of Navopache Electric and against Defendant Sand in this action, as follows:

A.     Title is quieted in Navopache Electric's favor with regard to rights it acquired by related to the Navopache Electric Property, which rights include those defined herein.

B.     For judgment finding that: (1) Navopache Electric has the proper title to and the right to possess, control, traverse and use the Navopache Electric Property; (2) Defendant Sand shall be barred and forever estopped from having or claiming any right, lien, estate, title, or interest in the Navopache Electric Property adverse to Navopache Electric's rights in the Navopache Electric Property and Defendants shall record a lien release related to the previously recorded Affidavit of Lien; (3) Navopache Electric's rights in the Navopache Electric Property include and are applicable to the areas depicted in the Navopache Electric Property, including areas in, within, on, over, across, through, along, above, adjacent to the Navopache Electric Property; (4) Navopache Electric's rights to the Navopache Electric Property include any and all rights to the materials upon or below the Navopache Electric Property that have not previously been expressly reserved in recorded documents by and for the Santa Fe Pacific Railroad Company (which Railroad Company has expressly reserved rights to oil, gas, coal and any minerals whatsoever, already found or which later are found, upon or under said parcel); (5) Navopache Electric is entitled to the quiet and peaceful

7961015v1(12000.1276)

possession and use of the Navopache Electric Property and without interference or obstruction from the Defendant Sand; (6) the rights belonging to Navopache Electric as proper title holder of the Navopache Electric Property shall run with the land and thus shall remain in place even if Navopache Electric sells the Navopache Electric Property, and (7) Defendant Sand's alleged damages against Navopache Electric arising out of the alleged Affidavit of Lien are without merit and Defendant Sand shall be entitled to and shall take nothing from Navopache Electric arising out of such claim.

C.      For post-judgment interest at the legal rate;

D.      For Navopache Electric's reasonable attorneys' fees and incurred costs as may be recovered by law in accordance with § 12-1103 in an amount of not less than $15,000; and

E.      For such other and further relief as the Court deems just and proper.

**Count Four**
**(Navopache Electric – Violation of A.R.S. § 33-420)**

59.      Navopache Electric incorporates and re-alleges the allegations of the preceding paragraphs of this Complaint.

60.      A.R.S. § 33-420(c) provides, in part, "a person who is named in a document which purports to create an interest in, or a lien or encumbrance against, real property and who knows that the document is . . . groundless . . . or is otherwise invalid shall be liable to the owner or title holder for the sum of not less than one thousand dollars, or for treble actual damages, whichever is greater, and reasonable attorney fees and costs as provided in this section, if he willfully refuses to release or correct such document of record within twenty days from the date of a written request from the owner or beneficial title holder of the real property."

61.      The Affidavit of Lien recorded by the Defendant Sand purports to create a lien against the Navopache Electric Property.

11

62.     The Affidavit of Lien recorded by Defendant Sand is invalid and groundless.

63.     The Defendant Sand, acting by and through its authorized representative(s), knew that the Affidavit of Lien document recorded against the Navopache Electric Property is groundless or otherwise invalid, and he/she/it/they knew it was groundless and invalid as of the time the Affidavit of Lien was recorded.

64.     The Affidavit of Lien recorded by the Defendant Sand violates A.R.S. § 33-420.

65.     Navopache Electric, as rightful owner of the Navopache Electric Property, has been damaged as a result of Defendant Sand's violation of A.R.S. § 33-420.

66.     Defendant Sand is liable to Navopache Electric for the sum of not less than one thousand dollars, or for treble actual damages, whichever is greater.

67.     Defendant Sand is also liable to Navopache Electric for Navopache Electric's reasonable attorneys' fees and costs as provided in A.R.S. § 33-420 because Defendant Sand willfully refused to release or correct such document of record within twenty days from the date of a written request from Navopache Electric.

WHEREFORE, Navopache Electric respectfully requests that the Court enter judgment in favor of Navopache Electric, and against Defendant Sand, for Defendant Sand's violation of A.R.S. § 33-420 as follows:

A.     For any and all actual damages to be determined at trial;

B.     For the sum of not less than one thousand dollars, or for treble actual damages, whichever is greater pursuant to A.R.S. § 33-420;

C.     For an award of Navopache Electric's attorneys' fees and taxable costs pursuant to A.R.S. § 33-420 in an amount of not less than $15,000;

D.     For post-judgment interest at the legal rate; and

E.     That Defendants be ordered to record a lien release related to the previously recorded Affidavit of Lien;

F.     For such other and further relief as the Court deems just and proper.

12

7961015v1(12000.1276)

DATED this 15th day of November, 2021.

JENNINGS, STROUSS & SALMON, P.L.C.


By   s/Garrett J. Olexa
     Garrett J. Olexa
     One East Washington Street, Suite 1900
     Phoenix, Arizona 85004-2554
     *Attorneys for Plaintiff Salt River Project*
     *Agricultural Improvement and Power District*


By   s/ Edward J. Hermes
     Edward J. Hermes (#030529)
     SNELL & WILMER L.L.P.
     One Arizona Center
     400 E. Van Buren, Suite 1900
     Phoenix, Arizona  85004-2202
     *Attorney for Plaintiff Navopache*
     *Electric Cooperative*

7961015v1(12000.1276)

**VERIFICATION**

STATE OF ARIZONA    )
                             ) ss:
COUNTY OF MARICOPA )

       Joshua M. Ernst, being first duly sworn, upon his oath, deposes and says:

       That I am an Attorney of Salt River Project Agricultural Improvement and Power District ("SRP"), Plaintiff in the Complaint to which this Verification is to be attached; that in said capacity I am authorized to sign this Verification; that I make this Verification on behalf of SRP and in accordance with A.R.S. §12-1102; that I have read the foregoing Complaint, know the contents thereof and state that the information contained therein is true and correct to the best of my knowledge, information and belief.

       **I verify under penalty of perjury that the foregoing is true and correct.**

       Executed on November 12, 2021.

_____

14

7958866v1(12000.1276)

# VERIFICATION

STATE OF ARIZONA    )
                         ) ss:
COUNTY OF MARICOPA )

     Charles R. Moore, being first duly sworn, upon his oath, deposes and says:

     That I am the President and CEO of Navopache Electric Cooperative, Inc. ("Navopache Electric"), Plaintiff in the Complaint to which this Verification is to be attached; that in said capacity I am authorized to sign this Verification; that I make this Verification on behalf of Navopache Electric and in accordance with A.R.S. §12-1102; that I have read the foregoing Complaint, know the contents thereof and state that the information contained therein is true and correct to the best of my knowledge, information and belief.

     **I verify under penalty of perjury that the foregoing is true and correct.**

     Executed on November 12, 2021.

_____

15

# EXHIBIT   A

12-31-74

| STATE OF ARIZONA | ss. | I hereby certify that the within instrument was filed and recorded | Fee No.  85338 |
|---|---|---|---|
| County of   Apache | | Dec. 31, 1974          at 9:30 A.M. | |

In DOCKET    203 Page 270        and indexed in deeds

at the request of **TRANSAMERICA TITLE INS. CO.**

When recorded, mail to:

Witness my hand and official seal.

Virgie Heap , County Recorder,

By _Mary Clug_ Deputy Recorder

Compared
Photostated
Fee:

80000598-1

# WARRANTY DEED

For the consideration of Ten Dollars, and other valuable considerations,

**CLAIR H. PLATT and LOUISE H. PLATT, husband and wife**

hereafter called the Grantor, whether one or more than one, hereby conveys to
**SALT RIVER PROJECT AGRICULTURAL IMPROVEMENT AND POWER DISTRICT, a political
subdivision of the State of Arizona**

the following real property situated in **Apache**        County, Arizona, together with all rights and privileges appurtenant
thereto, to wit:

**Section 33 and the West half of Section 34, Township 14 North, Range 29 East
of the Gila and Salt River Base and Meridian, Apache County, Arizona.**

Subject to current taxes and other assessments, reservations in patents and all easements, rights of way, encumbrances,
liens, covenants, conditions, restrictions, obligations and liabilities as may appear of record, the Grantor warrants the
title against all persons whomsoever.

Dated this 27th day of September, 19 74.

........................................................

........................................................

_Clair H. Platt_
Clair H. Platt

_Louise H. Platt_
Louise H. Platt

STATE OF **ARIZONA**

County of **Apache**  } ss.

This instrument was acknowledged before me this 2nd day of
_December_, 19 74, by  **Clair H. Platt
and Louise H. Platt**

My commission will expire

........................................................
Notary Public

STATE OF _Arizona_

County of _Apache_  } ss.

This instrument was acknowledged before me this 2nd day of
_December_, 19 74, by
**Clair H. Platt and
Louise H. Platt**

_Duwy H. Farr_
Notary Public

My commission will expire _Sept 18, 1975_

FORM B-18

DKT **203** PAGE **270**

FURNISHED THROUGH THE COURTESY OF TRANSAMERICA TITLE INSURANCE COMPANY

**203-270**

# EXHIBIT   B

# EXHIBIT B

## LEGAL DESCRIPTIONS

Parcel 1

That part of Section 23, Township 9 North, Range 23 East, of the Gila Salt River Base and Meridian, Navajo County, Arizona, described as follows:

COMMENCING at the Southwest corner of said Section 23:
THENCE North 43 degrees 02 minutes 19 seconds West, a distance of 1141.00 feet to the POINT OF BEGINNING;

THENCE North 42 degrees 27 minutes 05 seconds West, 235.80 feet:
THENCE North 64 degrees 37 minutes 54 seconds West, 62.86 feet:
TIIENCE North 66 degrees 30 minutes 41 seconds West, 59.73 feet:
THENCE North 63 degrees 48 minutes 55 seconds West, 47.28 feet;
THENCE North 65 degrees 48 minutes 50 seconds West, 70.35 feet:
THENCE North 65 degrees 07 minutes 29 seconds West, 128.00 feet;
THENCE North 1 degrees 19 minutes 42 seconds West, 84.00 feet:
THENCE North 88 degrees 57 minutes 04 seconds East,. 138.39 feet:
THENCE North 89 degrees 42 minutes 56 seconds East, 155.03 feet:
THENCE South 00 degrees 47 minutes 12 seconds East, 89.82 feet;
THENCE South 84 degrees 13 minutes 30 seconds East, 30.68 feet:
THENCE South 89 degrees 30 minutes 30 seconds East, 177.11 feet;
THENCE North 1 degrees 06 minutes 09 seconds East, 224.54 feet;
THENCE North 89 degrees 53 minutes 27 seconds East, 67.45 feet:
THENCE South 00 degrees 46 minutes 18 seconds West, 225.23 feet:
THENCE South 89 degrees 30 minutes 07 seconds West, 20.42 feet;
THENCE South 00 degrees 57 minutes 41 seconds West, 256.88 feet to the POINT OF BEGINNING.

EXCEPT that part thereof described as follows:
That part of Section 23, Township 9 North, Range 23 East, of the Gila Salt River Base and Meridian, Navajo County, Arizona, described as follows:

COMMENCING at the Southeast corner of Section 23, a GLO brass cap monument:

THENCE North 0 degrees 24 minutes 00 seconds West along the section line a distance of 1326.47 feet to an iron bar capped SGS RLS 28234, the South one-sixteenth corner of Sections 23 and 24;
THENCE South 89 degrees 40 minutes 28 seconds West, along the one-sixteenth section line, a distance of 887.93 feet to an iron bar capped RLS 28234, said point being the POINT OF BEGINNING; THENCE South 00 degrees 56 minutes 56 seconds West, a distance of 135.16 feet to a fence post tagged SGS RLS 28234;
THENCE South 89 degrees 50 minutes 38 seconds East, a distance of 79.49 feet to a fence post tagged SGS RLS 28234:
THENCE South 01 degrees 10 minutes 31 seconds West, a distance of 93.95 feet to a

fence  post tagged SGS RLS 28234;
THENCE South 89 degrees 36 minutes 56 seconds West, a distance of 176.80 feet to
an iron bar capped PE 2510:
THENCE North 75 degrees 28 minutes 58 seconds West, a distance of 32.38 feet to a
fence post tagged SGS RLS 28234;
THENCE North 00 degrees 07 minutes 03 seconds East, a distance of 84.81 feet to a
fence post tagged SGS RLS 28234;
THENCE South 89 degrees 37 minutes 59 seconds West, a distance of 36.38 feet to a mag
nail set in concrete;
THENCE North 01 degrees 26 minutes 54 seconds East, a distance of 136.89 feet to an
iron bar capped RLS 28234:
THENCE North 89 degrees 40 minutes 28 seconds East, a distance of 165.56 feet to
the POINT OF BEGINNING.

Parcel 2

That part of Lot 2, Block 33 of ST. JOHNS TOWNSITE, according to the plat recorded in
Book 1 of Maps, page 2, records of Apache County, Arizona, described as follows:

BEGINNING at the Northwest corner of said Lot 2;
THENCE East along the Northern boundary of said Lot, a distance of 100 feet:
THENCE South to the Southern boundary of said Lot 2:
THENCE West 100 feet to the Western boundary of said Lot 2;
THENCE North to the POINT OF BEGINNING.

Parcel 3

That part of the Northeast quarter of the Northeast quarter of Section 9, Township 8
North, Range 29 East, of the Gila Salt River Base and Meridian, Apache County,
Arizona, described as follows:

BEGINNING at the Northeast corner of said Section 9, being Corner No. 1 and the
POINT OF BEGINNING;
THENCE North 89 degrees 59 seconds West, along the North line of said Section 9, 8
rods to Corner No. 2;
THENCE South 00 degrees 10 minutes West, 10 rods to Corner No. 3:
THENCE South 89 degrees 59 seconds East, 8 rods to Corner No. 4 being a point on the
East line of said Section 9:
THENCE North 0 degrees 10 seconds East, along said East line of Section 9, 10 rods to Corner
No. 1 and the POINT OF BEGINNING.

PARCEL 4

That part of Section 33, Township 9 North, Range 29 East, of the Gila Salt River Base and Meridian, Apache County, Arizona, described as follows:

COMMENCING at the South quarter corner of said Section 33;
THENCE North 89 degrees 02 minutes 26 seconds West, along Maricopa Drive, a distance of 1020.70 feet;
THENCE North 17 degrees 13 minutes 46 seconds West, a distance of 816.92 feet;
THENCE North 00 degrees 04 minutes 52 seconds West, a distance of 201.14 feet to the POINT OF BEGINNING;
THENCE North 0 degrees 49 minutes 38 seconds West, 277.88 feet:
THENCE North 89 degrees 04 minutes 23 seconds East, 176.20 feet:
THENCE South 2 degrees 37 minutes 51 seconds East, 276.03 feet
THENCE South 88 degrees 27 minutes 43 seconds West, 174.73 feet:
THENCE South 88 degrees 28 minutes 45 seconds West, 10.17 feet to the POINT OF BEGINNING.

PARCEL 5

That part of Section 33, Township 13 North, Range 28 East, of the Gila Salt River Base and Meridian, Apache County, Arizona, described as follows:

COMMENCING at the Northwest corner of said Section 33, said point being in the center of St. Johns School Bus Road:
THENCE North 89 degrees 29 minutes 30 seconds East, along the centerline of said School Bus Road, a distance of 27.50 feet:
THENCE South 1 degrees 07 minutes 47 seconds West, a distance of 33.00 feet to the South right of way line an existing fence and the POINT OF BEGINNING;
THENCE South 1 degrees 07 minutes 47 seconds West, a distance of 133.00 feet; THENCE North 89 degrees 29 minutes 30 seconds East. a distance of 327.55 feet:
THENCE North 1 degrees 07 minutes 47 seconds East, a distance of 133.00 feet to an existing fence line of the said south line of the St. Johns School Bus Road;
THENCE South 89 degrees 29 minutes 30 seconds West, along said right of way line a distance of 327.55 feet to the POINT OF BEGINNING;
Said Property located in Tracts 42 and 43, Denver Subdivision, according to the plat recorded in Book 1 of Maps, page 11, records of Apache County, Arizona.

PARCEL 6

That part of Section 31. Township 13 North. Range 26 East, of the Gila Salt River Base and Meridian, Apache County, Arizona, described as follows:

COMMENCING at the Northeast corner of said Section 31;
THENCE South 23 degrees 03 minutes 03 seconds West, 4,488.10 feet to the POINT OF BEGINNING; THENCE North 42 degrees 11 minutes 51 seconds West, 200.00 feet;
THENCE North 47 degrees 48 minutes 09 seconds East, 533.65 feet to a point on the West right of way line of U.S. Highway 180A, said right of way line being on a curve concave to the Northeast; THENCE Southeasterly along said right of way curve to a point having a chord of South 29 degrees 37 minutes 25 seconds East, 204.92 feet;
THENCE South 47 degrees 48 minutes 09 seconds West, 489.04 feet to the POINT OF BEGINNING; EXCEPT oil, gas, coal and minerals whatsoever, already found or which may be hereafter be found upon or under said land as reserved in Deed recorded in Book 27 of Deeds, page 536, records of Apache County, Arizona.

PARCEL 7

That part of the Southwest quarter of Section 3. Township 8 North, Range 23 East, of the Gila Salt River Base and Meridian. Navajo County, Arizona, described as follows:

COMMENCING at the West quarter corner of said Section 3:
THENCE No1ih 89 degrees 48 minutes 37 seconds East, along the Mid -section line, a distance of 1918.46 feet to the POINT OF BEGINNING;
THENCE continuing North 89 degrees 48 minutes 37 seconds East, a distance of 565.00 feet;
THENCE Southwesterly 237.07 feet along the curve to the right, concave to the Northwest having a central angle of 36 degrees 07 minutes 20 seconds and a radius of 242.03 feet to a point of tangent:
THENCE South 69 degrees 03 minutes 40 seconds West, a distance of 155.78 feet;
THENCE North 87 degrees 43 minutes 00 seconds West, along the North right of way of Tomahawk Road, a distance of 21.72 feet:
THENCE North 47 degrees 51 minutes 00 seconds West, a distance of 335.00 feet to the POINT OF BEGINNING.

<u>PARCEL 8</u>

That part of Lot 8, HEBER PINES UNIT 1, according to the plat recorded in Book 3 of Surveys, page 5, records of Navajo County, Arizona, and a certificate of correction recorded in Docket 713, page 330, located in Section 33, Township 12 North, Range 17 East, of the Gila Salt River Base and Meridian, Navajo County, Arizona, described as follows:

COMMENCING at the Southwest corner of said Section 33;
THENCE North 89 degrees 55 minutes 37 seconds East along the South line of said Section 33, a distance of 1599.05 feet;
THENCE North 00 degrees 13 minutes 48 seconds West, a distance of 941.54 feet to a point on a curve on the Northerly right of way line of State Highway 260;
THENCE continuing North 00 degrees 13 minutes 48 seconds West, a distance of 324.53 feet;
THENCE South 89 degrees 29 minutes 18 seconds East, a distance of 552.92 feet to corner No. 4 of HES 180 and the POINT OF BEGINNING;
THENCE North 29 degrees 48 minutes 41 seconds, a distance of 362.29 feet;
THENCE South 16 degrees 05 minutes 48 seconds East, a distance of 493.19 feet to a point on a curve of said Northerly right of way line of State Highway 260:
THENCE Westerly along said right of way and along a curve to the right concave to the North, a distance of 287.24 feet through a central angle of 03 degrees 40 minutes 17 seconds and a radius of 4482.62 feet, (record 4482.55 feet), having a chord bearing of South 75 degrees 44 minutes 21 seconds West to a point said point bears South 09 degrees 29 minutes 50 seconds East (record South 09 degrees 29 minutes 48 seconds East), a distance of 233.45 feet from the POINT OF BEGINNING;
THENCE North 09 degrees 29 minutes 50 seconds West. (record North 09 degrees 29 minutes 48 seconds West), a distance of 233.45 feet to the POINT OF BEGINNING.

EXCEPT all minerals, gases, and other inanimate substances underlying or appurtenant to the property including, without limitation, oil, gas and gaseous substances (whether hydrocarbon or otherwise and including without limitation geothermal steam) Sulphur, gravel, clay, granite,, coal, sandstone, limestone or other stone, copper, iron, gold, silver or other metallic ores or substances of an kind, bauxite, fossils or fertilizer of any name or description and uranium, thorium and other fissionable materials as reserved in Deed recorded in Docket 702, page 179 and re-recorded in Docket 707, page 53: and recorded in Docket 759, page 816, records of Navajo County. Arizona.

<u>PARCEL 9</u>

Lot 1 of TOWN OF PINETOP LAKESIDE COMMERCE PARK AMENDED, according to Book 22 of Plats, Page 25, records of Navajo County. Arizona.

PARCEL 10

That part of Section 32, Township 7 North. Range 30 East, of the Gila Salt River Base and Meridian, Apache County, Arizona, described as follows:

BEGINNING for a reference at the Southwest 1/16th corner (a brass cap);
THENCE South 89 degrees 59 minutes East, a distance of 625.39 feet to the POINT OF BEGINNING, which is witness by a special aluminum cap with legend US Dept. of Agriculture-U.S. Forest Service Cadastral Survey (set in 1988 by land surveyor no. 13574);
THENCE North 2 degrees 23 minutes 39 seconds West, 208 feet;
THENCE North 89 degrees 59 minutes West 265 feet;
THENCE South 2 degrees 23 minutes 39 seconds East, 208 feet;
THENCE South 89 degrees 59 minutes East, a distance of 265 feet to the POINT OF BEGINNING.


PARCEL 11

A portion of Navajo County Assessor's Parcel No. 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

A parcel of land owned by Navajo County located in Section 21, Township IO North, Range 22 East of the Gila and Salt River Meridian, Navajo County. Arizona and more particularly described as follows·

The East 220 feet of the North 390 feet of the Parcel described in the Warranty Deed recorded in Docket 1130, Pages 628-629, records of Navajo County, Arizona. also known as Navajo County Assessor's Parcel No. 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.

EXCEPT the North 80.00 feet thereof.


PARCEL 12

**THAT** PORTION OF THE SOUTHWEST QUARTER OF SECTION 33, TOWNSHIP 9 NORTH, RANGE 29 EAST, Gila and Salt River Meridian, Apache County, Arizona more particularly described as follows:

Beginning at the Southwest corner of Section Thirty-three (33), Township Nine (9) North, Range Twenty- Nine (29) East of the Gila and Salt River and Meridian, Apache County, Arizona;

Thence East along the Second Standard Parallel 1527.24 feet to a point, which point is the G.L.S.O. Brass Cap Monument of the Northeast quarter of Section 4, Township 8 North, Range 29 East;

Thence North 9 degrees 08 minutes West a distance of 839.7 feet to Corner No. 1, the true point of beginning;
Thence North 0 degrees 14 minutes West a distance of 200 feet to Corner No. 2:
Thence North 89 degrees 46 minutes East a distance of 200 feet to Corner No. 3;
Thence South 0 degrees 14 minutes East a distance of 200 feet to Corner No. 4;
Thence South 89 degrees 46 minutes West a distance of 200 feet to Corner No. 1 and the place of beginning.

PARCEL 13

Lot 419, of SIERRA PINES UNIT TEN, according to the plat of record in the office of the county recorder of Navajo County, Arizona, recorded in Book 23 of Maps, Pages 37, 38 and 39.

# EXHIBIT   C

2007-1066391
Page 1 of 14
OFFICIAL RECORDS OF APACHE COUNTY
LENORA Y. JOHNSON, RECORDER
07-05-2007 10:47 AM Recording Fee $23.00

When Recorded Please Mail To:                                    Recordation Stamp and Number

Bill Ervin / Secretary
ORA International
P.O. Box 2544
St. Johns, AZ 85936

 LAND PATENT

# *Greetings,*

Be it Known to All Persons that the following is True and Correct:

Specifically, **Section 11, Lot 48, T15N, R30E, G. & S.R. B. & M.,
Apache County, Arizona / aka Woodland Valley Ranch**

This Recordation is Registering and Bringing forward within this **Land Patent
#576970,** Records of Patents of the **UNITED STATES of AMERICA**
in **Allodial Title.**

To **Record** and **Update** this **Land Patent** in **Allodial Title** in the name of;
**ORA International.**

By my Authority as Secretary of ORA International

_____
Bill Ervin - Secretary

This Date: 5th of July, 2007

602 4179314    bureau of land mgt.                03:14:52 p.m.   05−24−2007        1 / 1

2007-006371  07-05-2007  Page 2 of 14

_____10·4·06_____    Bureau of Land Management
        **Date**                Arizona State Office

I herby certify that the reproduction is a copy of the
official record on file in this office

*Tina Marie Coradonato*

        **Authorized Signature**

2007-006371 07-05-2007 Page 3 of 14

# The United States of America,

To all to whom these presents shall come. Greeting:

WHEREAS, by the Act of Congress approved July 27, 1866, (14 Stat., 292), entitled "An act granting land to aid in the construction of a railroad and Telegraph Line from the States of Missouri and Arkansas to the Pacific Coast," there was granted to the Atlantic and Pacific Railroad Company, its successors and assigns, for the purpose of aiding in the construction of said railroad and telegraph line to the Pacific Coast, "every alternate section of public land, not mineral designated by odd numbers, to the amount of twenty alternate sections per mile on each side of said railroad line, as said company may adopt, through the Territories of the United States, and ten alternate sections of land per mile on each side of said railroad whenever it passes through any State, and whenever on the line thereof, the United States have full title, not reserved, sold, granted, or otherwise appropriated, and free from preemption, or other claims or rights, at the time the line of said road is designated by a plat thereof, filed in the office of the Commissioner of the General Land Office;" and

WHEREAS, official statements bearing dates December 17, 1880, April 19, 1881, January 7, and December 16, 1882, and November 3, 1883, have been filed in the General Land Office, showing that the Commissioners appointed by the President, under the provisions of the fourth section of said Act of Congress, approved July 27, 1866, have reported to him that the line of said railroad and telegraph from a point in township eight north, range two east, Territory of New Mexico, and ending at a point on the west bank of the Colorado River in the State of California, has been constructed and fully completed and equipped in the manner prescribed by the said Act of Congress; and

RECORD OF PATENTS: Patent Number **576970**     1

2007-006371 07-05-2007 Page 4 of 14

WHEREAS, certain tracts of land have been listed by the duly authorized land agent of the said Atlantic and Pacific Railroad Company, or its successor in interest, as shown by his original lists, approved by the local officers, and now on file in the General Land Office; and

WHEREAS, it is shown by evidence filed in the office of the Secretary of the Interior, that the Santa Fe Pacific Railroad Company, under a purchase at foreclosure sale of the property and rights of the Atlantic and Pacific Railroad Company, and by compliance with the provisions of the Act of Congress approved March 3, 1897, (29 Stat., 622), became the lawful successor in interest of the said Atlantic and Pacific Railroad Company; and

WHEREAS, there is no record in the General Land Office of any claim, under purchase from the Atlantic and Pacific Railroad Company to any of said lands; and

WHEREAS, the said tracts of land lie coterminous with the constructed line of road, and are particularly described as follows, to wit:

Gila and Salt River Meridian - Arizona.

Township twenty-nine north of Range two east.

The northeast quarter and the northeast quarter of the southwest quarter of Section twenty-nine;

Township nineteen north of Range fifteen east.

The south half of the northeast quarter, the northwest quarter and the south half of Section twenty-five; the east half of the northeast quarter and the southeast quarter of Section twenty-seven; the southeast quarter of the northeast quarter and the east half of the southeast quarter of Section thirty-three; the Section thirty-five;

576970

2



2007-006371   07-05-2007   Page 5 of 14

Township eighteen north of Range nineteen east.

The southwest quarter of Section fifteen;

Township eighteen north of Range twenty east.

The east half, the east half of the northwest quarter, the northeast quarter of the southwest quarter, and the Lots one and two of Section thirty-one; Sections thirty-three and thirty-five;

Township eighteen north of Range twenty-one east.

Sections twenty-five, thirty-one and thirty-three;

Township eighteen north of Range twenty-two east.

Sections one, three, five, seven, nine, eleven, seventeen and nineteen; Township eighteen north of Range twenty-three east.

Sections one, three and five;

Township thirteen north of Range twenty-six east.

Sections one, three, five, seven, nine, eleven, thirteen, fifteen, seventeen, nineteen, twenty-one, twenty-three, twenty-five, twenty-seven, twenty-nine, thirty-one, thirty-three and thirty-five;

Township fourteen north of Range twenty-six east.

Sections nineteen, twenty-one, twenty-seven, twenty-nine, thirty-one, thirty-three and thirty-five;

Township fifteen north of Range twenty-six east.

Sections one, three, five, seven, nine, eleven, thirteen, fifteen, seventeen, nineteen, twenty-one, twenty-three, twenty-five, twenty-seven, twenty-nine and thirty-three;

Township sixteen north of Range twenty-six east.

The Lots one, two, three and four of Section one; the Lots one, two, three and four of Section three; the Lots one, two, three and four, the south half of the southeast quarter and the south half of the southwest quarter of Section five; Sections seven, nine, eleven, thirteen, fifteen, seventeen, nineteen, twenty-one, twenty-three, twenty-five, twenty-seven,

576970

3

2007-006371 07-05-2007 Page 6 of 14

twenty-nine, thirty-one, thirty-three and thirty-five;

Township thirteen north of Range twenty-seven east.

Sections five, seven, seventeen, nineteen, twenty-one, twenty-nine and thirty-one;

Township fifteen north of Range twenty-seven east.

Sections one, three, five, seven, nine, eleven, thirteen, fifteen, seventeen, nineteen, twenty-one, twenty-three, twenty-five, twenty-seven, twenty-nine and thirty-three;

Township sixteen north of Range twenty-seven east.

The lots one, two, three and four of Section one; the lots one, two, three and four of Section three; the Lots one, two, three and four of Section five; Sections seven, nine, eleven, thirteen, fifteen, seventeen, nineteen, twenty-one, twenty-three, twenty-five, twenty-seven, twenty-nine, thirty-one, thirty-three and thirty-five;

Township seventeen north of Range twenty-seven east.

Sections one, three, five, seven, nine, eleven, thirteen, fifteen, seventeen, nineteen, twenty-one, twenty-three, twenty-five, twenty-seven, twenty-nine, thirty-one, thirty-three and thirty-five;

Township eighteen north of Range twenty-seven east.

Sections one, three, five, seven, nine, eleven, thirteen, fifteen, seventeen, nineteen, twenty-one, twenty-three, twenty-five, twenty-seven, twenty-nine, thirty-one, thirty-three and thirty-five;

Township nineteen north of Range twenty-seven east.

Sections one, three, five, seven, nine, eleven, thirteen, fifteen, seventeen, nineteen, twenty-one, twenty-three, twenty-five, twenty-seven, twenty-nine, thirty-one, thirty-three, and thirty-five;

Township fourteen north of Range twenty-eight east.

Sections one, three, five, nine, eleven, thirteen, fifteen, twenty-three, twenty-five, twenty-seven, thirty-three and thirty-five;

576970

4

2007-006371 07-05-2007 Page 7 of 14

Township fifteen north of Range twenty-eight east.

Sections one, three, five, seven, nine, eleven, thirteen, fifteen, seventeen, nineteen, twenty-one, twenty-three, twenty-five, twenty-seven, twenty-nine, thirty-one, thirty-three and thirty-five;

Township sixteen north of Range twenty-eight east.

The Lots one, two, three and four of Section one; the Lots one, two, three and four of Section three; the Lots one, two, three and four of Section five; Sections seven, nine, eleven, thirteen, fifteen, seventeen, nineteen, twenty-one, twenty-three, twenty-five, twenty-seven, twenty-nine, thirty-one, thirty-three and thirty-five;

Township seventeen north of Range twenty-eight east.

Sections one, three, five, seven, nine, eleven, thirteen, fifteen, seventeen, nineteen, twenty-one, twenty-three, twenty-five, twenty-seven, twenty-nine, thirty-one, thirty-three and thirty-five;

Township eighteen north of Range twenty-eight east.

Sections one, three, five, seven, nine, eleven, thirteen, fifteen, seventeen, nineteen, twenty-one, twenty-three, twenty-five, twenty-seven, twenty-nine, thirty-one, thirty-three and thirty-five;

Township nineteen north of Range twenty-eight east.

Section one; the Lots three and four, the south half of the north-west quarter and the south half of Section three; Sections five, seven, nine, eleven, thirteen, fifteen, seventeen, nineteen, twenty-one, twenty-three, twenty-five, twenty-seven, twenty-nine, thirty-one, thirty-three and thirty-five;

Township twenty north of Range twenty-eight east.

Sections one, three, five, seven, nine, eleven, thirteen, fifteen, and seventeen; the Lots one and two, the east half and the east half of the northwest quarter of Section nineteen; Sections twenty-one, twenty-three, twenty-five, twenty-seven, twenty-nine, thirty-one, thirty-three and thirty-five;

576970

5



2007-006371 07-05-2007 Page 8 of 14

Township twenty-one north of Range twenty-eight east.

Sections one, three, five, seven, nine, eleven, thirteen, fifteen; seventeen, nineteen, twenty-one, and twenty-five; the south half of the northeast quarter, the southeast quarter of the northwest quarter, the west half of the northwest quarter and the south half of section twenty-seven; Sections twenty-nine, thirty-one, thirty-three and thirty-five;

Township twenty-two north of Range twenty-eight east.

Sections one, three, five, seven, nine, eleven, thirteen, fifteen, seventeen, nineteen, twenty-one, twenty-three, twenty-five, twenty-seven, twenty-nine, thirty-one, thirty-three and thirty-five;

Township fourteen north of Range twenty-nine east.

Sections one, three, five, seven, nine, eleven, thirteen, fifteen, seventeen, nineteen, twenty-one, twenty-three, twenty-five, twenty-seven, twenty-nine, thirty-one, thirty-three and thirty-five;

Township fifteen north of Range twenty-nine east.

Sections one, three, five, seven, nine, eleven, thirteen, fifteen, seventeen, nineteen, twenty-one, twenty-three, twenty-five, twenty-seven, twenty-nine, thirty-one, thirty-three and thirty-five;

Township sixteen north of Range twenty-nine east.

The Lots one, two, three and four of Section one; the lots one, two, three and four of Section three; the Lots one, two, three and four of Section five; Sections seven, nine, eleven, thirteen, fifteen, seventeen, nineteen, twenty-one, twenty-three, twenty-five, twenty-seven, twenty-nine, thirty-one, thirty-three and thirty-five;

Township seventeen north of Range twenty-nine east.

Sections one, three, five, seven, nine, eleven, thirteen, fifteen, seventeen, nineteen, twenty-one, twenty-three, twenty-five, twenty-seven, twenty-nine, thirty-one, thirty-three and thirty-five;

576970

6

Township eighteen north of Range twenty-nine east.

Sections one, three, five, seven, nine, eleven, thirteen, fifteen, seventeen, nineteen, twenty-one, twenty-three, twenty-five, twenty-seven, twenty-nine, thirty-one, thirty-three and thirty-five;

Township nineteen north of Range twenty-nine east.

Sections one, three, five, seven, nine, eleven, thirteen, fifteen, seventeen, nineteen, twenty-one, twenty-three, twenty-five, twenty-seven, twenty-nine, thirty-one, thirty-three and thirty-five;

Township twenty north of Range twenty-nine east.

Sections one, three, five, seven, nine, eleven, thirteen, fifteen, seventeen, nineteen, twenty-one, twenty-three, twenty-five, twenty-seven, twenty-nine, thirty-one, thirty-three and thirty-five;

Township twenty-one north of Range twenty-nine east.

Section one; the lots one and two, the south half of the northeast quarter and the south half of Section three; the south half of Section five; Section seven; the northeast quarter and the south half of Section nine; Sections eleven, thirteen, fifteen, seventeen, nineteen, twenty-one, twenty-three, twenty-five, twenty-seven, twenty-nine, thirty-one, thirty-three and thirty-five;

Township twenty-two north of Range twenty-nine east.

Sections one, three, five, seven, nine, eleven, thirteen, fifteen, seventeen, nineteen, twenty-one, twenty-three, twenty-seven, twenty-nine, thirty-one, thirty-three and thirty-five;

Township fifteen north of Range thirty east.

Sections one, three, five, seven, nine, eleven, thirteen, fifteen, seventeen, nineteen, twenty-one, twenty-three, twenty-five, twenty-seven, twenty-nine, thirty-one, thirty-three and thirty-five;

576970

7

2007-006371 07-05-2007 Page 10 of 14

Township sixteen north of Range thirty east.

Sections seven, nine, eleven, thirteen, fifteen, seventeen, nineteen, twenty-one, twenty-three, twenty-five, twenty-seven, twenty-nine, thirty-one, thirty-three and thirty-five;

Township seventeen north of Range thirty east.

Sections one, three, five, seven, nine, eleven, thirteen, fifteen, seventeen, nineteen, twenty-one, twenty-three, twenty-five, twenty-seven, twenty-nine, thirty-one, thirty-three and thirty-five;

Township eighteen north of Range thirty east.

Sections one, three, five, seven, nine, eleven, thirteen, fifteen, seventeen, nineteen, twenty-one, twenty-three, twenty-five, twenty-seven twenty-nine, thirty-one, thirty-three and thirty-five;

Township nineteen north of Range thirty east.

Sections one, three, five, seven, nine, eleven, thirteen, fifteen, seventeen, nineteen, twenty-one, twenty-three, twenty-five, twenty-seven, twenty-nine, thirty-one, thirty-three and thirty-five;

Township twenty north of Range thirty east.

Sections one, three, five, seven, nine, eleven, thirteen, fifteen, seventeen, nineteen, twenty-one, twenty-three, twenty-five, twenty-seven, twenty-nine, thirty-one, thirty-three and thirty-five;

Township twenty-one north of Range thirty east.

Sections one, three, five, seven, nine, eleven, thirteen, fifteen, seventeen, nineteen, twenty-one, twenty-three, twenty-five, twenty-seven, twenty-nine, thirty-one, thirty-three, and thirty-five;

Township twenty-two north of Range thirty east.

Sections one, three, five, seven, nine, eleven, thirteen, fifteen, seventeen, nineteen, twenty-one, twenty-three and twenty-five; the east half, the north half of the northwest quarter and the south half of the southwest quarter of Section twenty-seven; Section twenty-nine; the south-

576970

8

2007-006371 07-05-2007 Page 11 of 14

east quarter, the east half of the southwest quarter and the Lots three and four of Section thirty-one; Section thirty-three; the south half, the west half of the northwest quarter and the south half of the northeast quarter of Section thirty-five;

Township twenty-six north of Range thirty east.

The Lots three and four and the south half of the northwest quarter of Section thirteen and the north half of the northeast quarter of Section twenty-three;

Township fifteen north of Range thirty-one east.

The Lots one, two, three and four of Section three; Sections five, seven and nine;

Township sixteen north of Range thirty-one east.

Sections seven and nine; the Lots one, two, three and four of Section fifteen; Sections seventeen, nineteen and twenty-one; the Lots one, two, three and four of Section twenty-seven; Sections twenty-nine, thirty-one and thirty-three;

Township seventeen north of Range thirty-one east.

The Lots one, two, three and four of Section three; Sections five, seven and nine; the Lots one, two, three and four of Section fifteen; Sections seventeen, nineteen and twenty-one; the Lots one, two, three and four of Section twenty-seven; Sections twenty-nine, thirty-one and thirty-three;

Township eighteen north of Range thirty-one east.

The Lots one, two, three and four of Section three; Sections five, seven and nine; the Lots one, two, three and four of Section fifteen; sections seventeen, nineteen and twenty-one; the Lots one, two, three and four of Section twenty-seven; sections twenty-nine, thirty-one and thirty-three;

Township nineteen north of Range thirty-one east.

The Lots one, two, three and four of Section three; Sections five,

576970

2007-006371 07-05-2007 Page 12 of 14

seven and nine; the Lots one, two, three and four of Section fifteen;
Sections seventeen, nineteen and twenty-one; the Lots one, two, three
and four of Section twenty-seven; Sections twenty-nine, thirty-one and
thirty-three;

Township twenty north of Range thirty-one east.

The Lots one, two, three and four of Section three; Sections five,
seven and nine; the Lots one, two, three and four of Section fifteen;
Sections seventeen, nineteen and twenty-one; the Lots one, two, three
and four of Section twenty-seven; Sections twenty-nine, thirty-one and
thirty-three;

Township twenty-one north of Range thirty-one east.

The Lots one, two, three and four of Section three; Sections five,
seven, and nine; the Lots one, two, three and four of Section fifteen;
Sections seventeen, nineteen and twenty-one; the Lots one, two, three
and four of Section twenty-seven; Sections twenty-nine, thirty-one and
thirty-three;

Township twenty-two north of Range thirty-one east.

The Lots one, two, three and four of Section three; Sections five,
seven and nine; the Lots one, two three and four of Section fifteen;
Section seventeen; the Lots one, two, three and four, the east half of
the northwest quarter, the east half of the southwest quarter, the west
half of the northeast quarter and the west half of the southeast quarter
of Section nineteen; Section twenty-one; the Lots one, two, three and
four of Section twenty-seven; Sections twenty-nine, thirty-one and thir-
ty-three;

Township twenty-three north of Range thirty-one east.

The Lots one, two, three and four of Section three; Sections five,
seven and nine; the Lots one, two, three and four of Section fifteen;

576970

10



2007-006371 07-05-2007 Page 13 of 14

The No. Lac. 19, 1. 23 M. R. 31 E = 160 acres, Runway to the U. S.
D ad recorded March 11, 1918, Book 19, Page 230, Glade
County, Arizona. See Letter "S," Sst. of Feb. 9, 1918 to
the Secretary of the Interior.

Sections seventeen, nineteen and twenty-one; the Lots one, two, three
and four of Section twenty-seven; and the Sections twenty-nine, thirty-
one and thirty-three;

Containing, in the aggregate, four hundred forty-seven thousand
five hundred twenty-three and forty-six-hundredths acres;

NOW KNOW YE, That the UNITED STATES OF AMERICA, in consideration
of the premises, and pursuant to the said Acts of Congress, HAS GIVEN

576970

11



2007-006371 07-05-2007 Page 14 of 14

4—1044-R.

AND GRANTED, and by these presents DOES GIVE AND GRANT, unto the said Santa Fe Pacific Railroad Company, successor in interest to the Atlantic and Pacific Railroad Company, and to its successors and assigns, the tracts of land listed as aforesaid and described in the foregoing: TO HAVE AND TO HOLD the said tracts with the appurtenances thereof, unto the said Santa Fe Pacific Railroad Company, successor as aforesaid, and to its successors and assigns, forever.

IN TESTIMONY WHEREOF, I,    **Woodrow Wilson**

President of the United States of America, have caused these letters to be made Patent, and the Seal of the General Land Office to be hereunto affixed.

GIVEN under my hand, at the City of Washington, the   **ELEVENTH** day of   **APRIL**   in the year of our Lord one thousand nine hundred and   **SEVENTEEN**   and of the Independence of the United States the one hundred and   **FORTY-FIRST.**

By the President,

By

SEAL

RECORD OF PATENTS, Patent Number   576970

# EXHIBIT   D

*When recorded mail to:*

SAND INTL/ Stilwell/ Ervin
1650 S. Casino Dr., #2043
Laughlin, NV. 89029

2021-002485
Page 1 of 2
OFFICIAL RECORDS OF APACHE COUNTY
LARRY NOBLE, RECORDER
03-18-2021  03:58 PM  Recording Fee $30.00

# Affidavit

## Caption

# Cover Sheet

## DO NOT REMOVE

This is part of an official document.

**Affidavit of Lien against Coronado Generating Station, GEM**
**To: Apache County Recorder, St. Johns, Arizona**
STATE OF: ARIZONA
COUNTY OF: APACHE

The undersigned, Jane Stilwell (Ervin), being duly sworn, hereby depose and say:

1. I am over the age of 18 and am resident of the state of Nevada. I have personal knowledge of the facts herein, and, if called as a witness, could testify completely thereto.

2. I suffer no legal disabilities and have personal knowledge of the facts set forth below.

In Reference To: Land Patent in Allodial Title, original patent #54, granted by Act of Congress approved July 27, 1866 (14 Stat., 292), brought forward in 1902 as 576970 covering 477,563-Plus acres, every other section (alternate, odd-numbered in Apache and Navajo counties in Arizona, and Catron county in New Mexico), held/owned by Ora International (2002-2006) and SAND International (2006-present), both International Organizations are based in theTurks and Caicos Islands of British West Indies (foreign companies),

Holding can be verified at the Apache County Recorder's office in St. John's, Arizona.

Seeking funds (for trespass, and use of water, oil, gas and all other mined minerals such as coal and rare earth from date of origin of ORA International and SAND International to present of $80,000,000, in addition to 15% of gross annual revenue each year, beginning June 30, 2021, one-fourth paid every quarter to:

SAND International, represented by Jane Stilwell (Ervin)
1650 S. Casino Dr., #2043, Laughlin, Nevada 89029

current holder/owner of Land Patent in Allodial Title 576970.

I declare that to the best of my knowledge and belief, the information herein is true, correct, and complete.

Executed this _____ day of _____ , 2021

_____
(Jane Stilwell (Ervin), Representing SAND International

CC:   Coronado Generating Station, Global Energy Monitor, Owner/Operator: SRP (100% owner)
        **RICHARD HECKMANN, Chairman of the Board, President and CEO,**
        Coronado Generating Station, Global Energy Monitor, Owner/Operator: SRP (100% owner)
        **Terrill A. Lonon, SRP Corporate Secretary**
        Coronado Generating Station, Global Energy Monitor GEM, Owner/Operator: SRP (100% owner)
        **David Daniels,  Corporate Secretary**

### NOTARY ACKNOWLEDGMENT

STATE OF _____ , COUNTY OF _____ ss;

_____
Notary Public

_____
**Title and Rank**

**My Commission Expires:** _____

OFFICIAL SEAL
KELLY FREEMAN
NOTARY PUBLIC - ARIZONA
MOHAVE COUNTY
My Commission Expires